# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM PATRICK MIDDLETON,

       Petitioner,

     v.

WARDEN, SCI ALBION, *et al.*,

       Respondents.

No. 3:19-CV-01594

(Judge Brann)

## MEMORANDUM OPINION

### DECEMBER 2, 2020

Petitioner William Patrick Middleton, a state prisoner presently confined at the State Correctional Institution at Albion in Albion, Pennsylvania, filed this second amended petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his state conviction on numerous grounds.[1]  Respondents filed an answer raising as an affirmative defense the statute of limitations, arguing that the petition is untimely.[2]  Petitioner filed a reply arguing that his petition is timely based on a recently drafted affidavit from his trial counsel.[3]  For the reasons discussed below, the Court will dismiss the petition as time-barred under 28 U.S.C. § 2244(d).

---

[1]  Doc. 17.
[2]  Doc. 37.
[3]  Doc. 41.

## I.      BACKGROUND

On  September  29,  1976,  Petitioner  escaped  from  the  United  States Penitentiary in Allenwood, Pennsylvania, where he was incarcerated on a federal conviction.[4]   A third party assisted his escape and drove him to Mountoursville, Lycoming County, Pennsylvania.[5]   The next day, Petitioner kidnapped, assaulted, and strangled a woman in a field; the woman later died of her injuries.[6]   After the assault,  Petitioner  took  the  woman's  purse  and  automobile,  and  drove  to Philadelphia, where he engaged in an armed robbery and was finally apprehended.[7]

Petitioner was charged with criminal homicide, aggravated assault, robbery, kidnapping, and theft in the Court of Common Pleas of Lycoming County.[8]   Upon Petitioner's  request,  the  case  was  transferred  to  the  Court  of  Common  Pleas  of Lebanon County.[9]   A jury trial in the matter commenced on or about May 25, 1977; however,  after  the  first  witness  testified,  the  parties  reached  a  plea  agreement.[10] Under  the  terms  of  the  plea  agreement,  Petitioner  would  plead  guilty  to  second degree murder, robbery, and kidnapping.[11]   In addition, the prosecution agreed to contact the Federal Bureau of Prisons so that Petitioner could serve the remainder of

---

[4]    Doc. 37 at 14.
[5]    *Id.*
[6]    *Id.*
[7]    *Id.*
[8]    *Id.*
[9]    *Id.*
[10]   *Id.* at 15.
[11]   *Id.*

his federal sentence in a Pennsylvania state correctional institution.   The local prosecutor also agreed to contact the District Attorney of Philadelphia County to request that Petitioner not be prosecuted for the armed robbery committed there.[12] Finally, the prosecution agreed on the record that "the other charges in the Bills of Information, upon accepted of the plea and sentence thereon, will be nolle-prossed."[13]

That same day, the state trial judge engaged in a plea colloquy with Petitioner and ultimately accepted his plea of guilty.[14]   The next day, Petitioner was sentenced to life imprisonment with no minimum for parole eligibility for the murder conviction and concurrent ten to twenty year sentences for the kidnapping and robbery convictions.[15]   Petitioner did not file a direct appeal or any post-sentencing motions.[16]

Since 1977, Petitioner has filed three Pennsylvania Post-Conviction Relief Act ("PCRA") petitions in his court of conviction.   The first was filed on July 20, 1981, challenging his guilty plea and alleging that his trial counsel was ineffective for failing to challenge errors related to the guilty plea.[17]   That petition was denied, and the denial was affirmed by the Superior Court of Pennsylvania on May 4, 1984.[18]

---

[12] *Id.*
[13] *Id.*
[14] *Id.*
[15] *Id.*
[16] *Id.*
[17] *Id.*
[18] *Id.* at 15-16.

Petitioner did not file a petition for allowance of appeal with the Supreme Court of Pennsylvania.[19]

On March 21, 1994, Petitioner filed his second PCRA petitioner, in which he raised the ineffectiveness of his counsel, the adequacy of his guilty plea, and the prosecution's alleged violation of the plea agreement when it failed to dismiss the federal escape charge.[20]  The PCRA court denied the petition finding that the claims were either previously litigated or waived; this denial was also affirmed by the Superior Court.[21]  Petitioner filed a petition for allowance of appeal with the Supreme Court of Pennsylvania; that petition was denied on April 30, 1996.[22]

On February 6, 2019, Petitioner filed his third PCRA petition, in which he argued that his plea agreement was unlawfully induced and breached by the prosecution, his prior counsel was ineffective, and further alleged that he is actually innocent.[23]  The PCRA court determined that petition was untimely and provided Petitioner with notice of its intent to dismiss the petition.[24]  In response, Petitioner argued that his petition was timely based on an affidavit received from his trial counsel on December 13, 2018.[25]  The PCRA court disagreed and dismissed the

---

[19]  *Id.* at 16.
[20]  *Id.*
[21]  *Id.*
[22]  *Id.*
[23]  *Id.*
[24]  *Id.*
[25]  *Id.*

petition as untimely on April 3, 2019.[26]  Petitioner then appealed the denial to the Superior Court on April 9, 2019.[27]  The Superior Court affirmed the dismissal of the petition on November 26, 2019, also finding that the petition was untimely.[28] Regarding the affidavit proffered by Petitioner, the Superior Court found that the facts contained in it were "simply not new," and that even if they were, Petitioner had failed to establish that he had acted with the diligence necessary for the Pennsylvania state timeliness exception to apply.[29]

Petitioner then proceeded to file the instant habeas petition on September 16, 2019,[30] and subsequently filed a second amended petition on January 31, 2020.[31]  In Petitioner's reply, he argues that his trial counsel's affidavit, signed on December 13, 2018 in which trial counsel admits that he should have ensured that the federal escape charge was dismissed,[32] is a new factual predicate that causes a new one-year limitation period to run pursuant to 28 U.S.C. § 2244(d)(1)(D).[33]

---

[26] *Id.*
[27] *Id.*
[28] *Id.* at 18.
[29] *Id.*
[30] *See* Doc. 1
[31] Doc. 17
[32] *See* Doc. 37-1 at 134.
[33] Doc. 17 at 10-11.

## II.   DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the applicable statute of limitations for Petitioner's habeas petition, and it provides, in pertinent part:

>(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. The limitation period shall run from the latest of-

>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>. . .

>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.[34]

Pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of (1), when the pertinent judgment became "final," and, (2), the period of time during which an application for state post-conviction relief was "properly filed" and "pending."  The judgment is determined to be final by the conclusion of direct review, or the expiration of time for seeking such review, including the ninety-day period for filing a petition for writ of certiorari in the Supreme Court of the United States.[35]

---

[34]   28 U.S.C. § 2244(d).  *See also Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999).
[35]   *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653–54 (2012).

Here, Petitioner was sentenced on his underlying criminal charges on May 26, 1977.  He did not file a post-sentencing motion or a direct appeal, and therefore, his conviction became final on or about June 25, 1977.[36]   Because Petitioner's conviction became final before the enactment of AEDPA, however, Petitioner was granted a one year period of limitation commencing on April 24, 1996, the effective date of AEDPA, to file an a timely § 2254 petition.[37]  That period expired on or about April 24, 1997.

Before concluding that the petition is untimely, however, the Court must determine whether Petitioner would be entitled to an alternative starting point for the one-year limitations period because he argues that his trial counsel's affidavit creates a new factual predicate for which he is entitled to another one year period of limitations.

Section 2244(d)(1)(D) provides an additional one-year period of limitations for bringing a § 2254 habeas petition from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  "[I]t is appropriate to place at least some burden of pleading and production on a habeas petitioner to show that the date for the running of the AEDPA limitations period should . . . state from the date on which a factual predicate could

---

[36]   *See* Pa. R. App. P. 903 (providing thirty days in which to file a direct appeal).
[37]   *See Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003).

have first been discovered."[38]   "This is so because it would seem that such information is more peculiarly within the party asserting/arguing the existence of such impediment and/or factual predicate, i.e., the habeas petitioner."[39]

In this matter, Petitioner's affidavit from his trial counsel dated December 13, 2018 is not newly discovered evidence nor a factual predicate that would make his petition timely under § 2244(d)(1)(D).  That trial counsel should have ensured the dismissal of the federal escape charged has been known to Petitioner for decades now, and according to the record, was considered and litigated in his second PCRA petition and proceedings in 1994.  The Court has reviewed the transcript of the second PCRA proceedings, and it is abundantly clear that Petitioner knew that his federal escape charges had not been dismissed and also knew the impact that failure had on his guilty plea agreement.

That Petitioner now has produced a more-recent affidavit to memorialize these issues is not the sort of factual predicate discovered by due diligence that would

---

[38]   *United States ex rel. Lipchey v. Corbett*, No. No. 06-cv-989, 2007 WL 2428662, at *5 (W.D. Pa. Aug. 22, 2007) (citing *Jackson v. Sec'y for Dep't of Corrs.*, 292 F.3d 1347, 1349 (11th Cir. 2002).  *See also Robinson v. Johnson*, 313 F.3d 128, 134-35 (3d Cir. 2002) ("The purpose of requiring the defendant to plead available affirmative defenses in his answer is to avoid surprise and undue prejudice by providing the plaintiff with notice and an opportunity to demonstrate why the affirmative defense should not succeed."); *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir.2002) ("[O]nce a petitioner is given adequate notice and opportunity to respond to allegations that his petition is subject to dismissal pursuant to AEDPA's statute of limitations, petitioner has the burden of providing an adequate response"), *abrogation on other grounds recognized in Moreno v. Harrison*, 245 F. App'x 606 (9th Cir. 2007).

[39]   *Corbett*, 2007 WL 2428662, at *5.

permit Petitioner to proceed under § 2244(d)(1)(D).  As such, the second amended petition is untimely.

Next, the Court must determine whether equitable tolling may apply to Petitioner's untimely petition.  In *Holland v. Florida*, the Supreme Court of the United States held that AEDPA's one-year limitations period is subject to equitable tolling in appropriate cases, on a case-by-case basis.[40]  A litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."[41]

The diligence required for equitable tolling is reasonable diligence, not maximum, extreme, or exceptional diligence.[42]  "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well."[43]  Reasonable diligence is examined under a subjective test, and it must be considered in light of the particular circumstances of the case.[44]

---

[40] 560 U.S. 631, 649-50 (2010).  *See Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013).

[41] *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  *See also Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 89 (3d Cir. 2013).

[42] *Holland*, 560 U.S. at 653.

[43] *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005) (citation omitted).  *See also Alicia v. Karestes*, 389 F. App'x 118, 122 (3d Cir. 2010) (holding that the "obligation to act diligently pertains to both the federal habeas claim and the period in which the petitioner exhausts state court remedies").

[44] *See Ross*, 712 F.3d at 799; *Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004) ("Due diligence does not require the maximum feasible diligence, but it does require diligence in the circumstances.").

A Court also must determine whether extraordinary circumstances exist to warrant equitable tolling. "[G]arden variety claim[s] of excusable neglect" by a petitioner's attorney do not generally present an extraordinary circumstance meriting equitable tolling.[45]   Rather, equitable tolling can be triggered only when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims."[46]

I note that, extraordinary circumstances have been found only where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, or (4) the court itself has misled a party regarding the steps that the party needs to take to preserve a claim.[47] Nevertheless, it must be restated that, even where extraordinary circumstances do exist, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of

---

[45] *Holland*, 560 U.S. at 651 (citations omitted).  *See also Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003).

[46] *LaCava*, 398 F.3d at 275–276.  *See also Holland*, 560 U.S. at 648–49 (relying on *Pace*, 544 U.S. at 418); *Jenkins*, 705 F.3d at 89 (holding that equitable tolling should be applied sparingly, and only when the "principles of equity would make the rigid application of a limitation period unfair").

[47] *See Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005).

causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing."[48]

Here, Petitioner was put on notice regarding the untimeliness of his federal habeas petition by Respondent's answer and he had an opportunity to address both the untimeliness and arguments in favor of tolling in his reply. Petitioner offers no explanation for the delay in bringing his federal habeas petition which would allow this Court to consider equitable tolling. Furthermore, the Court has reviewed Petitioner's filings and can discern no circumstance which could potentially trigger equitable tolling. In light of the fact that Petitioner is proceeding *pro se*, the Court will permit Petitioner thirty (30) days in which to present the Court with any argument he wishes to make regarding equitable tolling. Failure to do so will result in the Petition being dismissed with prejudice.

## III.    CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."[49] "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his

---

[48] *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).
[49] 28 U.S.C. § 2253(c)(2).

constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."[50]

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[51]

Here, jurists of reason would not find it debatable whether this Court is correct in its procedural ruling.  No certificate of appealability shall issue.

## IV.    CONCLUSION

For the reasons set forth above, this Court finds that the § 2254 second amended petition should be dismissed as untimely filed under 28 U.S.C. § 2244(d); leave to plead over regarding the equitable tolling issue is permitted.  A certificate of appealability shall not issue.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[50] *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003) (citation omitted), *cited in United States v. Williams*, 536 F. App'x 169, 171 (3d Cir. 2013).
[51] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).