# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM PATRICK MIDDLETON, | No. 3:19-CV-01594 |
| Petitioner, | (Judge Brann) |
| v. | |
| WARDEN, SCI ALBION, *et al.*, | |
| Respondents. | |

## MEMORANDUM OPINION

### FEBRUARY 9, 2021

Petitioner William Patrick Middleton, a state prisoner presently confined at the State Correctional Institution at Albion in Albion, Pennsylvania, filed this second amended petition for a writ of habeas corpus under 28 U.S.C. § 2254.[1] The Court previously dismissed the petition without prejudice as untimely, but permitted Petitioner an additional period of time in which to present any argument regarding equitable tolling.[2] Petitioner has now filed a supplemental brief regarding equitable tolling.[3] For the reasons discussed below, Petitioner's circumstances do not warrant equitable tolling, and the Court will dismiss the petition with prejudice as time-barred under 28 U.S.C. § 2244(d).

---

[1] Doc. 17.
[2] Docs. 43 (mem.), 44 (order).
[3] Doc. 47.

## I.  BACKGROUND

On September 29, 1976, Petitioner escaped from the United States Penitentiary in Allenwood, Pennsylvania, where he was incarcerated on an unknown federal conviction.[4]  A third party assisted his escape and drove him to Montoursville, Lycoming County, Pennsylvania.[5]  The next day, Petitioner kidnapped, assaulted, and strangled a woman in a field; the woman later died of her injuries.[6]  After the assault, Petitioner took the woman's purse and automobile, and drove to Philadelphia, where he engaged in an armed robbery and was finally apprehended.[7]

Petitioner was charged with criminal homicide, aggravated assault, robbery, kidnapping, and theft in the Court of Common Pleas of Lycoming County.[8]  Upon Petitioner's request, the case was transferred to the Court of Common Pleas of Lebanon County.[9]  A jury trial in the matter commenced on or about May 25, 1977, however after the first witness testified, the parties reached a plea agreement.[10] Under the terms of the plea agreement, Petitioner would plead guilty to second degree murder, robbery, and kidnapping.[11]  In addition, the prosecution agreed to

---

[4]  Doc. 37 at 14.
[5]  *Id.*
[6]  *Id.*
[7]  *Id.*
[8]  *Id.*
[9]  *Id.*
[10] *Id.* at 15.
[11] *Id.*

contact the Federal Bureau of Prisons so that Petitioner could serve the remainder of his federal sentence in a Pennsylvania state correctional institution and to contact the District Attorney of Philadelphia County to request that Petitioner not be prosecuted for the armed robbery committed there.[12]  Finally, the prosecution agreed on the record that "the other charges in the Bills of Information, upon accepted of the plea and sentence thereon, will be nolle-prossed."[13]

That same day, the Lebanon County Court of Common Pleas engaged in a plea colloquy with Petitioner and ultimately accepted his plea of guilty.[14]  The next day, Petitioner was sentenced to life imprisonment with no minimum for parole eligibly for the murder conviction and concurrent ten to twenty year sentences for the kidnapping and robbery convictions.[15]  Petitioner did not file a direct appeal or any post-sentencing motions.[16]

Since then, Petitioner has filed three Pennsylvania Post-Conviction Relief Act ("PCRA") petitions in his court of conviction.  The first was filed on July 20, 1981, challenging his guilty plea and alleging that his trial counsel was ineffective for failing to challenge errors related to the guilty plea.[17]  That petition was denied and the denial was affirmed by the Superior Court of Pennsylvania on May 4, 1984.[18]

---

[12]   *Id.*
[13]   *Id.*
[14]   *Id.*
[15]   *Id.*
[16]   *Id.*
[17]   *Id.*
[18]   *Id.* at 15-16.

Petitioner did not file a petition for allowance of appeal with the Supreme Court of Pennsylvania.[19]

On March 21, 1994, Petitioner filed his second PCRA petition, in which he raised the effectiveness of his counsel, the adequacy of his guilty plea, and the prosecution's alleged violation of the plea agreement when it failed to dismiss the federal escape charge.[20] The PCRA court denied the petition finding that the claims were either previously litigated or waived, and the denial was affirmed by the Superior Court.[21] Petitioner then filed a petition for allowance of appeal with the Supreme Court of Pennsylvania; that petition was denied on April 30, 1996.[22]

On February 6, 2019, Petitioner filed his third PCRA petition, in which he argued that his plea agreement was unlawfully induced and breached by the prosecution, his prior counsel was ineffective, and he is actually innocent.[23] The PCRA court determined that petition was untimely and provided Petitioner with notice of its intent to dismiss the petition.[24] In response, Petitioner argued that his petition was timely based on an affidavit received from his trial counsel on December 13, 2018.[25] The PCRA court disagreed and dismissed the petition as

---

[19]  *Id.* at 16.
[20]  *Id.*
[21]  *Id.*
[22]  *Id.*
[23]  *Id.*
[24]  *Id.*
[25]  *Id.*

untimely on April 3, 2019.[26] Petitioner appealed the denial to the Superior Court on April 9, 2019.[27] The Superior Court affirmed the dismissal of the petition on November 26, 2019, finding that the petition was untimely.[28] Regarding the affidavit proffered by Petitioner, the Superior Court found that the facts contained in it were "simply not new," and that even if they were, Petitioner had failed to establish that he had acted with the diligence necessary for the Pennsylvania state timeliness exception to apply.[29]

Petitioner filed the instant habeas petition on September 16, 2019,[30] and subsequently filed a second amended petition on January 31, 2020.[31] In Petitioner's reply, Petitioner argued that his trial counsel's affidavit signed on December 13, 2018, in which trial counsel admits that he should have ensured that the federal escape charge was dismissed,[32] is a new factual predicate that causes a new one-year limitation period to run pursuant to 28 U.S.C. § 2244(d)(1)(D).[33]

The Court dismissed the second amended petition as untimely because, *inter alia*, the Court found that:

> In this matter, Petitioner's affidavit from his trial counsel dated December 13, 2018 is not newly discovered evidence nor a factual predicate that would make his petition timely under § 2244(d)(1)(D).

---

[26] *Id.*
[27] *Id.*
[28] *Id.* at 18.
[29] *Id.*
[30] *See* Doc. 1
[31] Doc. 17
[32] *See* Doc. 37-1 at 134.
[33] Doc. 17 at 10-11.

> That trial counsel should have ensured the dismissal of the federal escape charged has been known to Petitioner for decades now, and according to the record, was considered and litigated in his second PCRA petition and proceedings in 1994. The Court has reviewed the transcript of the second PCRA proceedings, and it is abundantly clear that Petitioner knew that his federal escape charges had not been dismissed and also knew the impact that failure had on his guilty plea agreement.
>
> That Petitioner now has produced a more-recent affidavit to memorialize these issues is not the sort of factual predicate discovered by due diligence that would permit Petitioner to proceed under § 2244(d)(1)(D). As such, the second amended petition is untimely.[34]

The Court went on to consider whether equitable tolling may apply to the claims in the second amended petition and provided Petitioner with an opportunity to present any further argument regarding equitable tolling.[35]

Petitioner has since filed a supplemental brief in support of his petition addressing equitable tolling.[36] In it, he asserts that the Court misconstrued the factual predicate upon which Petitioner relies to make his petition timely.[37] Petitioner argues that it is not his attorney's affidavit, but the information that Petitioner learned from that affidavit that creates newly discovered evidence.[38] That factual predicate, he contends, is that his counsel was ineffective for failing to ensure that the dismissal of the escape charge was placed in the record and carried out, which is what he expected as part of the plea agreement.[39] Later in his supplement, Petitioner explains

---

[34] Doc. 43 at 8-9.
[35] *Id.* at 11.
[36] Doc. 47.
[37] *Id.* at 1-2.
[38] *Id.* at 2.
[39] *Id.*

that it is his counsel's "admission" that he expected the plea bargain to include the dismissal of the federal escape charge, and that dismissal had been discussed between counsel, the Lycoming County District Attorney, and the United States Attorney for the Middle District of Pennsylvania.[40] Petitioner asserts that he was not aware of these facts prior to his counsel's December 13, 2018 affidavit.[41]

## II.   DISCUSSION

As the Court noted in its prior memorandum opinion, AEDPA's one-year limitations period for habeas petitions is subject to equitable tolling in appropriate cases, on a case-by-case basis.[42] A litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."[43]

The diligence required for equitable tolling is reasonable diligence, not maximum, extreme, or exceptional diligence.[44] "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well."[45] Reasonable

---

[40]   *Id.* at 3.
[41]   *Id.*
[42]   560 U.S. 631, 649–50 (2010).  *See Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013).
[43]   *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  *See also Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 89 (3d Cir. 2013).
[44]   *Holland*, 560 U.S. at 653.
[45]   *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005) (citation omitted).  *See also Alicia v. Karestes*, 389 F. App'x 118, 122 (3d Cir. 2010) (holding that the "obligation to act diligently pertains to both the federal habeas claim and the period in which the petitioner exhausts state court remedies").

diligence is examined under a subjective test, and it must be considered in light of the particular circumstances of the case.[46]

The Court also must determine whether extraordinary circumstances exist to warrant equitable tolling. "[G]arden variety claim[s] of excusable neglect" by a petitioner's attorney do not generally present an extraordinary circumstance meriting equitable tolling.[47] Rather, equitable tolling can be triggered only when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims."[48]

Indeed, extraordinary circumstances have been found only where (a) the respondent has actively misled the petitioner, (b) the petitioner has in some extraordinary way been prevented from asserting his rights, (c) the petitioner has timely asserted his rights mistakenly in the wrong forum, or (d) the court itself has misled a party regarding the steps that the party needs to take to preserve a claim.[49] Nevertheless, it must be restated that, even where extraordinary circumstances do

---

[46] *See Ross*, 712 F.3d at 799; *Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004) ("Due diligence does not require the maximum feasible diligence, but it does require diligence in the circumstances.").

[47] *Holland*, 560 U.S. at 651 (citations omitted). *See also Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003).

[48] *LaCava*, 398 F.3d at 275–276. *See also Holland*, 560 U.S. at 648–49 (relying on *Pace*, 544 U.S. at 418); *Jenkins*, 705 F.3d at 89 (holding that equitable tolling should be applied sparingly, and only when the "principles of equity would make the rigid application of a limitation period unfair").

[49] *See Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005).

exist, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing."[50]

Nothing in Petitioner's supplemental brief regarding equitable tolling can alter the conclusion that the second amended petition is untimely. Petitioner attempts to differentiate his attorney's affidavit from the facts alleged in it, suggesting that it is not the affidavit that is the newly discovered evidence but, instead, the information that his attorney expected the escape charge to be dismissed. This issue, however, was known to Petitioner and litigated in his second PCRA petition, filed in 1994.

It may well be that Petitioner is focused on his attorney's admission that he was ineffective for failing to ascertain the dismissal of the escape charge; that, however, is a legal conclusion, not the fact upon which the legal conclusion is based. Furthermore, even assuming for the purpose of this issue that Petitioner's counsel was ineffective, Petitioner would have known of that ineffectiveness when the escape charge was not dismissed, *i.e.* sometime before 1994 when he filed his second PCRA petition regarding the failure to dismiss the escape charge.

Additionally, Petitioner has not demonstrated the sort of extraordinary circumstances that would warrant equitable tolling. He alleges no external factor

---

[50] *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

that prevented him from raising this issue at an earlier, appropriate time, nor does he allege any of the other few circumstances that have been deemed extraordinary. Because Petitioner has failed to demonstrate either that he has been pursuing his rights diligently or that any extraordinary circumstances existed, the Court will dismiss the Petition with prejudice as untimely.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."[51]  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."[52]

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and

---

[51] 28 U.S.C. § 2253(c)(2).
[52] *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003) (citation omitted), *cited in United States v. Williams*, 536 F. App'x 169, 171 (3d Cir. 2013).

that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[53]

Here, jurists of reason would not find it debatable whether this Court is correct in its procedural ruling. Consequently, no certificate of appealability shall issue in this matter.

### IV. CONCLUSION

For the reasons set forth above, this Court finds that the § 2254 habeas petition should be dismissed with prejudice as untimely under 28 U.S.C. § 2244(d), and a certificate of appealability should not issue.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[53] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).